## OHIO SUPREME COURT—Continued

### SYLLABI OF CASES
### DECIDED LAST WEEK

Decided by the Supreme Court, Oct. 7, and Reported upon the General Docket, ante page 626.

Complete Opinions in these cases will be reported in 111 Ohio State Reports.

No. 18322—Lucy Columber v. The City of Kenton, Ohio, and William H. Maddex. Error to the Court of Appeals of Hardin county.

465. ERROR—Proceedings in should not be dismissed for nonfeasance of clerk in failing to furnish plaintiff in error with transcript until six days after the 70 days, if it is properly filed immediately upon discovery and before hearing of case in Court of Appeals.

DAY, J.

Where a party has filed a petition in error and waiver of issue and service of summons, a bill of exceptions duly allowed, approved and signed by the trial judge and opposing counsel, and has filed a precipe directing the clerk of the lower court to furnish a transcript of the docket and journal entries, before the expiration of 70 days, pursuant to Section 12263, General Code, but due to a nonfeasance of a ministerial act by the clerk such transcript is not prepared for the plaintiff in error to file until six days after the expiration of the 70 days fixed by law, such proceeding in error should not be dismissed, provided such transcript, duly authenticated, is filed immediately upon discovery of such nonfeasance of the clerk and before the case is heard in the Court of Appeals.

Judgment reversed.

Marshall, C. J., Allen and Conn, JJ., concur.

---

No. 18275—Regina Norton v. F. W. Norton. Error to the Court of Appeals of Lorain County.

413. DIVORCE AND ALIMONY—1. Satisfied judgment for alimony in case brought by wife does not bar application for pendente lite, for funds to defend husband's subsequent suit for divorce, when she is without means.

2. Granting motion for such alimony in the absence of husband at the hearing when amount is not excessive, and when notice is given to his attorney or record, is not reversible on account of his absence.

791. MOTIONS—Trial court may grant or refuse continuance.

ALLEN, J.

1. A judgment for alimony rendered in an action solely for permanent alimony brought by the wife, which judgment is fully satisfied, does not bar an application for alimony pendente lite made by the wife for the purpose of obtaining funds with which to enable her to make a defense in a suit for divorce brought by the husband subsequent to the alimony suit instituted by the wife, where it appears that such wife has not sufficient means of her own to make a defense.

2. The granting or refusing of a motion for continuance rests in the sound discretion of the trial court.

3. The granting of a motion for alimony pendente lite in favor of the wife, of which notice is duly given to the attorney of record for the husband, in a divorce suit brought by the husband, the amount of said alimony granted not being under the facts excessive nor unreasonable, is not reversible because of the absence of the husband at the hearing upon the motion.

Judgment reversed.

Marshall, C. J., Day and Conn, JJ., concur.

---

No. 18303—Ella Jones v. The Village of Girard. Error to the Court of Appeals of Trumbull County.

480. EVIDENCE—1. In action against a municipality for damages for injury caused by depression in a sidewalk, evidence by defense as to same in other towns not permissible.

2. In such case instruction to jury defining ordinary care as "the ordinary care which officers exercise under the same or similar circumstances" is error.

MATTHIAS, J.

1. In the trial of an action against a municipality to recover damages for personal injuries claimed to have resulted from a fall, caused by a depression in a sidewalk, it is error prejudicial to the plaintiff to permit evidence offered by the defense that like or greater depressions were permitted to exist in sidewalks in certain other municipalities.

2. In such case an instruction to the jury, wherein ordinary care was defined as "the ordinary care which similar officers exercise under the same or similar circumstances," constituted error prejudicial to the plaintiff.

Judgment reversed.

Marshall, C. J., Robinson, Allen and Conn, JJ., concur. Jones and Day, JJ., dissent.

---

18770—The State, ex rel Benj. Meck, v. The Board of Deputy State Supervisors of Crawford County. In Mandamus.

448. ELECTIONS—1. Recount of undisputed ballots in a county, on demand of a candidate, not allowed under 4984 GC.

2. Statute does not provide for a recount of such ballots, except in an election contest.

MARSHALL, C. J.

1. No duty is enjoined by Section 4984, General Code, upon the County Board of Deputy State Supervisors of Elections to recount the undisputed ballots cast in the several precincts of the county upon the demand of any candidate.

2. No provision is made by statute for any recount of undisputed ballots otherwise than in an election contest.

Writ refused.

Robinson, Jones, Matthias, Day, Allen and Conn, JJ., concur.